IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

THE HUMANE SOCIETY OF THE
UNITED STATES and BORN FREE,
USA and HELP OUR WOLVES LIVE
("HOWL") and FRIENDS OF ANIMALS
AND THEIR ENVIRONMENT
("FATE"),

        Appellees,

v

SALLY JEWELL, et al,

        Appellants,

and

STATE OF MICHIGAN and
MICHIGAN DEPARTMENT OF
NATURAL RESOURCES

        Appellants / Defendant-
Intervenors.

_____

Case No. 15-5061 (consolidated with case
nos. 15-5041, 15-5043, and 15-5060)

**STATE OF MICHIGAN AND THE
MICHIGAN DEPARTMENT OF
NATURAL RESOURCES' NON-
BINDING STATEMENT OF ISSUES
TO BE RAISED**

**APPELLANTS STATE OF MICHIGAN AND
MICHIGAN DEPARTMENT OF NATURAL RESOURCES'
NON-BINDING STATEMENT OF ISSUES TO BE RAISED**

The U.S. Fish and Wildlife Service (USFWS) issued a Final Rule that

removed gray wolves in the Western Great Lakes area, which includes Michigan,

from the endangered species list. The district court vacated the Final Rule entirely,

holding that the USFWS unreasonably interpreted the Endangered Species Act

(ESA) and acted contrary to the evidence in the record. Pursuant to this Court's

Order of March 4, 2015, Appellants State of Michigan and Michigan Department of Natural Resources submit this non-binding list of the issues it plans to raise on appeal:

1.     The district court's ruling regarding the USFWS's interpretation of the ESA is incorrect.  The provisions in the ESA governing the designation of "distinct population segments" are ambiguous.  The USFWS reasonably interpreted the ambiguous provisions to mean that when a self-sustaining population of gray wolves had fully recovered, the population could be designated as a distinct segment of the gray wolf population, and then removed from the endangered species list – even if gray wolves in other parts of the conterminous United States and Mexico had not yet fully recovered.  The district court failed to give *Chevron* deference to the USFWS's reasonable interpretation of the ambiguous provisions, particularly in light of the fact that one of the ESA's primary purposes is to remove federal protection from recovered species and return their management to the states – the governments historically entitled to manage the wildlife within their jurisdictions.

2.     Contrary to the district court's conclusions, the evidence in the record supported the issuance of the Final Rule – particularly the evidence that shows the successful recovery of gray wolves in Michigan's Upper Peninsula and demonstrates Michigan's ability to competently manage the gray wolves within its jurisdiction.

Respectfully submitted,

Bill Schuette
Attorney General

<u>/s/ Nate Gambill</u>
Nate Gambill
(Mich. Bar No. P75506)
gambilln@michigan.gov
Pamela J. Stevenson
(Mich. Bar No. P40373)
stevensonp@michigan.gov
Assistant Attorneys General
Attorneys for State of Michigan and
Michigan Department of Natural
Resources
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
Dated: April 3, 2015                    (517) 373-7540

**CERTIFICATE OF SERVICE (E-FILE)**

I hereby certify that on April 3, 2015, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which will provide

electronic copies to counsel of record.

/s/ Nate Gambill
Nate Gambill
(Mich. Bar No. P75506)
gambilln@michigan.gov
Pamela J. Stevenson
(Mich. Bar No. P40373)
stevensonp@michigan.gov
Assistant Attorneys General
Attorneys for State of Michigan and
Michigan Department of Natural
Resources
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-7540

Dated: April 3, 2015
LF/Humane Society v US Fish and Wildlife/2013-0032710-B/SOM & DNR's Statement of Issues 2015-04-03