No. 15-5041

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

HUMANE SOCIETY OF THE UNITED STATES, et al.,
*Plaintiff-Appellee*,

v.

S.M.R. JEWELL,
Secretary of the United States Department of the Interior, et al.,
*Defendants-Appellees,*

U.S. SPORTSMENS' ALLIANCE, et al.,
*Intervenor-Defendants-Appellants,*

STATE OF WISCONSIN, et al.,
*Intervenor-Defendant-Appellees.*

JOINT BRIEFING PROPOSAL ON BEHALF OF ALL PARTIES
IN RESPONSE TO THE COURT'S APRIL 23, 2015 ORDER

The appellant parties seek the Court's approval to file separate briefs that, combined, exceed 14,000 words. The appellee parties seek to file a single brief, but the single brief would also exceed 14,000 words. The Court ordered the parties to provide detailed justifications to file briefs in this manner.

I.  **Justifications for filing separate briefs and exceeding word limits.**

The U.S. Fish and Wildlife Service's ("Service") attempt to delist wolves in the Great Lakes area has a long history. And the record informing the Service's December 28, 2011 final rule – which the District Court vacated – is large. It took the District Court 111 pages to discuss the history, record, and the many legal issues involved in this appeal. Accordingly, it will take the parties more than 14,000 words to adequately brief the topics covered by the District Court.

The factual and legal issues in this appeal potentially include, among others, Article III standing, adequacy of the administrative record to support four distinct alleged deficiencies, *Chevron* deference to an agency's interpretation of a statute, political influence in administrative decision making, sovereign control over states' natural resources, and the proper remedy in the review of an administrative rule. It is important to note that each of the appellant parties approach the issues from a different angle. The Service issued the final rule vacated by the District Court and is the appellant principally responsible for defending that rule. The Service will bear the heaviest burden in responding to the District Court's lengthy analysis, but that does not mean it can adequately speak for the other parties.

Both Michigan and Wisconsin are sovereigns, and are entitled to speak on behalf of their respective citizens. Each state has a unique historical, political, legal, and regulatory background in regard to wolves and the District Court's vacatur of the final rule affected each state differently. Michigan and Wisconsin had each implemented their own distinct wolf management policies, which the District Court's ruling affected. Michigan and Wisconsin do not believe they should

2

be required to rely on a different sovereign to explain why the district court's ruling affects their unique interests. Moreover, in the appellants' view, the policy of allowing sovereign governments to file separate briefs embodied in Circuit Rule 28(d)(4) still applies, even though Michigan and Wisconsin are appellants rather than intervenors.

The private-party appellants are conservation groups whose members have an interest in the recovery and delisting of wolves. The private-party appellants agree to file one joint brief representing the interests of their members.

Finally, the appellee parties are the counterpart to the Service in this appeal. Appellees believe that the appellant parties should be able to brief this appeal in less words than proposed, but in the interest of a consolidated proposal join in this submission. Like the Service, the appellee parties will bear the heaviest burden to defend the District Court's lengthy and complex discussion – but they would also be required to respond to arguments from several different appellants and amici groups. Specifically, if the Court grants appellants' request to file separate briefs as proposed herein, appellees will be filing a single brief responding to four principal briefs from appellants totaling 38,500 words, plus briefs from amici. Accordingly, the appellee parties propose that they be permitted to file a brief that significantly exceeds the word limit normally provided for their principal and only brief.

## II.   Briefing Proposal

The parties are mindful of the Court's frustration with duplicative and excessive briefing. Therefore, the parties propose staggering the times when briefs get filed so that the later-filing parties can avoid repeating the arguments made by the earlier-filing parties. Additionally, the state and private appellants propose limiting the number of words they would ordinarily be allowed, and the private appellants will join in a single brief. The parties propose the following briefing format:

1. The Service files its principal brief with a limit of 17,000 words.
2. Fifteen (15) days after the Service files its principal brief, Michigan and Wisconsin will file their principal briefs with a limit of 7,000 words each.
3. Fifteen (15) days after Michigan and Wisconsin file their principal briefs, the private appellants will file their principal brief with a limit of 7,500 words.
4. Sixty (60) days after the private appellants file their principal brief, the appellee parties will file their response brief with a limit of 24,000 words.
5. Sixty (60) days after the appellee parties file their response brief, the Service will file its reply brief with a limit of 8,000 words.
6. Fifteen (15) days after the Service files its reply brief, Michigan and Wisconsin will file their reply briefs with a limit of 3,000 words each.
7. Fifteen (15) days after Michigan and Wisconsin file their reply briefs, the private appellants will file their reply brief with a limit of 3,500 words.

## III. Conclusion and Request

The parties have worked together in a good faith effort to address the concerns raised in the Court's April 23, 2015 order. Because of the complexity of this appeal and the unique way the District Court's ruling affects each party, the parties respectfully request that the Court adopt the parties' proposed briefing format.

| | |
|---|---|
| /s/ Joan M. Pepin<br>Joan M. Pepin<br>Attorney, Appellate Section<br>Environment & Nat'l Resources Div.<br>U.S. Department of Justice<br>P.O. Box 7415<br>Washington, DC 20044<br>(202) 305-4626<br>joan.pepin@usdoj.gov<br>Attorney for the federal defendant-appellants<br><br>BRAD D. SCHIMEL<br>Attorney General<br><br>/s/ Jennifer L. Vandermeuse<br>JENNIFER L. VANDERMEUSE<br>Assistant Attorney General<br>Wisconsin State Bar #1070979<br>THOMAS J. DAWSON<br>Assistant Attorney General<br>Wisconsin State Bar #1016134<br>Attorneys for the State of Wisconsin and the Wisconsin Department of Natural Resources<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>(608) 266-7741<br>(608) 267-2223 (Fax)<br>vandermeusejl@doj.state.wi.us | By: /s/ Elizabeth Geise<br>Elizabeth Runyan Geise,<br>D.C. Bar No. 965559<br>EGeise@schiffhardin.com<br>SCHIFF HARDIN LLP<br>901 K Street, NW, Ste. 700<br>Washington, DC 20001<br>(202) 778-6400<br>(202) 778-6460 (facsimile)<br>Attorneys for Plaintiffs The Humane Society of the United States, Born Free USA, Help Our Wolves Live, and Friends of Animals and Their Environment<br><br>BILL SCHUETTE<br>Attorney General<br><br>/s/ Nate Gambill<br>Nate Gambill<br>(Mich. Bar No. P75506)<br>gambilln@michigan.gov<br>Pamela J. Stevenson<br>(Mich. Bar No. P40373)<br>stevensonp@michigan.gov<br>Assistant Attorneys General<br>Attorneys for State of Michigan and Michigan Dep't of Natural Resources<br>Environment, Natural Resources, and Agriculture Division<br>P.O. Box 30755<br>Lansing, MI 48909<br>(517) 373-7540 |

/s/James H. Lister
James H. Lister (D.C. Bar # 447878)
Melinda L. Meade Meyers (D.C. Bar #1022572)
Birch Horton Bittner and Cherot, PC
1156 15th Street, N.W., Suite 1020
Washington, D.C. 20005
Telephone: (202) 659-5800
Facsimile (202) 659-1027
jlister@dc.bhb.com
mmeademeyers@dc.bhb.com
Attorneys for Appellants-Defendant-Intervenors: U.S. Sportsmen's Alliance Foundation; Wisconsin Bear Hunters Association; Michigan United Conservation Clubs; Wisconsin Bowhunters Association; Upper Peninsula Bear Houndsmen Association; Michigan Hunting Dog Federation; and Rocky Mountain Elk Foundation


s/ Anna M. Seidman
Anna M. Seidman (D.C. Bar # 417091)
Douglas S. Burdin (D.C. Bar # 434107)
Safari Club International
501 2nd Street N.E.
Washington, D.C. 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
aseidman@safariclub.org
Attorneys for Appellant-Defendant-Intervenor
Safari Club International

/s/Michael T. Jean
Michael T. Jean (MI Bar No. P76010)
National Rifle Association of America/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1158
Facsimile: (703) 267-1164
mjean@nrahq.org
Counsel for Appellant-Defendant-Intervenor National Rifle Association of America



John I. Kittel
U.S.D.C. for D.C. Bar No. WI0030
Mazur & Kittel, PLLC
30665 Northwestern Hwy. Ste. 175
Farmington Hills, MI 48334
Tel: (248) 432-8000
Fax (248) 432-8010
jkittel@mazur-kittel.com
Co-Counsel for Appellant-Defendant-Intervenor Michigan Conservation Clubs and Rocky Mountain Elk Foundation